*291 OPINION OF THE COURT
Bellacosa, J.
The conviction for rape in the first degree, as affirmed by the Appellate Division, must be reversed and a new trial ordered because the trial court erred in its pretrial ruling that, if the defendant chose to testify in his own behalf at trial, he would be deemed to have waived his privilege against self-incrimination and be exposed to cross-examination, for credibility purposes, with respect to a pending unrelated criminal charge.
The applicable evidentiary rule is that a defendant is entitled to a pretrial ruling, based on the assertion of the privilege against self-incrimination, precluding the prosecution from cross-examining for credibility purposes only as to pending unrelated criminal charges if defendant takes the stand as a witness at the trial. We recognize that the issue seemed to many to have been well settled in New York that a defendant could, as a general rule, be cross-examined in these circumstances. While particular circumstances not present in this case may permit appropriate cross-examination on such an issue, careful analysis of the precedents affecting the specific evidentiary rule manifest the correctness of precluding it here.
Defendant, charged and ultimately convicted of forcible rape in the first degree, had a pretrial Sandoval (34 NY2d 371) hearing where he sought to block potential cross-examination concerning an earlier youthful offender adjudication and a pending burglary charge. His counsel argued that this line of cross-examination, even on credibility, would be unduly prejudicial and that, if asked about the pending burglary charge, defendant would have to invoke his privilege against self-incrimination. The trial court determined that the People could not inquire into the youthful offender adjudication but could ask about the facts of the burglary charge, and that if defendant testified he would not be allowed to assert his Fifth *292 Amendment right. At trial, the defense unsuccessfully sought to have the court reconsider its pretrial Sandoval ruling and, at the close of the People’s case, offered no witnesses.
The People introduced into evidence, without objection by the defense, jeans which had been forcibly pulled off the victim at the time of the attack. During deliberations, the jury asked whether it could consider an otherwise unexplained stain found in the crotch of the jeans. Over defense objection that the jury was being allowed to speculate, the Trial Judge instructed that "the jeans are in evidence and therefore, anything about them that you deem relevant may be considered by you”. Defendant was convicted and the Appellate Division affirmed, without opinion.
Our reversal is based on the proposition that a defendant does not, by testifying, automatically and generally waive the privilege against self-incrimination with respect to questions concerning pending unrelated criminal charges. The application in this case, even for credibility purposes only, of the generally accepted defendant-witness waiver principle unduly prejudices defendant by its potential impact on the pending criminal charge and in its actual effect on the charge being tried. It exerts an undeniable chilling effect upon a real "choice” whether to testify in one’s own behalf.
The basic rule is well settled in this State that a criminal defendant, as a witness, places himself or herself in the position of any other witness, having the same duties and exposures (Brandon v People, 42 NY 265, 268; Connors v People, 50 NY 240, 242 ["assume(s) the burdens necessarily incident to the position”]; People v Shapiro, 308 NY 453, 458 ["subjects himself to the same rules of examination”]; 8 Wig-more, Evidence § 227 [2] [McNaughton rev 1961]). The rule includes a defendant-witness being "asked questions disclosing his past life and conduct, and thus impairing his credibility” (People v Casey, 72 NY 393, 398-399), as well as questions relative to the issue, even though injurious to the defense (People v Shapiro, 308 NY 453, 458, supra, citing People v Trybus, 219 NY 18).
In People v Tice (131 NY 651), one of our key cases, the court addressed the issue in the context of a man charged with murdering his wife asserting an insanity defense. He testified for himself but limited his direct examination to questions regarding his personal history. On cross-examination, the prosecutor asked questions designed to show Tice’s *293 state of mind at the time of the murder, his memory, and his level of sanity. The trial court permitted the questions despite Tice’s assertion of his privilege against self-incrimination. We reasoned that "[t]hese questions had no relation to the facts brought out in defendant’s examination in chief, nor did the facts elicited affect his credibility, but they were pertinent to the issue” (People v Tice, supra, at 655 [emphasis supplied]). The holding articulated that when a defendant testifies, "he subjects himself voluntarily to the situation of any other witness, and if he is compelled to answer disparaging questions, or to give evidence relevant to the issue, which is injurious, it is the consequence of an election which he makes to become a witness, which involves a waiver on his part at that time, of the constitutional exemption” (People v Tice, supra, at 656-657). The court then added, although the issue was expressly not before it, that "[t]he range and extent of the cross-examination is within the discretion of the trial judge, provided only that it relates to relevant matters or to matters affecting credibility” (People v Tice, supra, at 657 [compare, previous emphasized quote]).
Tice was later relied upon for the general proposition that when a defendant takes the stand that defendant is subject to the same cross-examination as any other witness and that he or she puts credibility in issue like any other witness (see, People v Johnston, 228 NY 332, 340; People v Webster, 139 NY 73, 84). However, in Johnston we added significantly that a defendant-witness’ waiver of his constitutional privilege against self-incrimination "probably extends only to matters that are relevant to the charge on trial; that is, not to collateral matters, that is, facts affecting merely credibility” (People v Johnston, supra, at 340 [emphasis supplied]).
In People v Sorge (301 NY 198) we articulated the cross-examination rule in broad terms. In Sorge, the defendant was charged with having performed an illegal abortion. She was cross-examined about prior abortions, but she denied the prior acts and was questioned further after her denial. Unlike the present case, she had no pending criminal charges against her and she did not invoke her privilege. In analyzing whether the prosecutor’s continued questioning was appropriate, the Sorge court held that "[a] defendant, like any other witness, may be 'interrogated upon cross-examination in regard to any vicious or criminal act of his life’ that has a bearing on his credibility as a witness” (id., at 200). Our holding today neither retreats from that precise holding nor casts the slightest doubt on the *294 correctness of the more general evidentiary principle it confirms.
Since our decision in Sorge, we have not had a clear opportunity to address what one significant text has characterized as "a conflict of authority on the question whether the accused, like any other witness, may refuse to answer questions concerning collateral matters relevant only to credibility” (Richardson, Evidence § 525 [Prince 10th ed]). We have, however, been concerned about the perceived generality and breadth of the waiver of the privilege allowing a defendant-witness to be cross-examined about different kinds of collateral matters affecting credibility only.
In People v Hopkins (58 NY2d 1079), for example, the defendant-witness was precluded from asserting the privilege when asked at a Huntley (15 NY2d 72) hearing about a prior attempt to strangle his wife. In declining to pass on the merits, we nonetheless referred to the rule in a manner consistent with the precise and narrow holding of Tice, as found in People v Johnston (228 NY, supra, at 340). Hopkins says that "whatever merit there may be to the contention that a defendant who chooses to take the witness stand at trial waives the privilege only with respect to matters probative of guilt or innocence and not to those relevant to credibility alone, it is not necessary for us to reach that question here” (People v Hopkins, supra, at 1083 [citations omitted]). Shortly after, in People v Pavao (59 NY2d 282), the issue proffered was whether it was improper for the trial court to allow the defendant-witness to be questioned regarding collateral pending assault and attempted murder charges in his trial on unrelated assault and attempted murder charges. In allowing the trial court’s exercise of discretion to stand, "we also note[d], however, that defendant made no objection to the court’s ruling on the ground of self-incrimination. That issue is, therefore, not preserved for our review” (id., at 292, n 3).
The holdings in People v Tice (131 NY 651, supra) and People v Sorge (301 NY 198, supra) never authorized, as a general proposition, credibility attacks on defendant-witnesses based on pending collateral criminal charges, if the defendant invokes the constitutional privilege with respect to such charges. Significantly, no case has been found where this court expanded the Tice rule in this way. Rather, the correct evidentiary rule for this case, which is in harmony with the common-law maturation of our precedents, is that a defen *295 dant-witness does not generally and automatically waive the privilege against self-incrimination as to pending collateral criminal charges (see also, Fed Rules Evid, rule 608 [b]; Proposed New York Code of Evidence, rule 608 [c]; 8 Wigmore, Evidence § 2276 [2] [McNaughton rev 1961]). Allowing a defendant-witness’ credibility to be assailed through the use of cross-examination concerning an unrelated pending criminal charge unduly compromises the defendant’s right to testify with respect to the case on trial, while simultaneously jeopardizing the correspondingly important right not to incriminate oneself as to the pending matter.
The law unquestionably gives an accused a real choice about testifying but "distortion introduced by the accused’s testimony can be fully corrected only if matters affecting his credibility can be fully probed” (8 Wigmore, Evidence § 2276 [2], at 463-464 [McNaughton rev 1961]). Thus, the general rule provides the People a corresponding opportunity to cross-examine, relevantly and appropriately, and this extends to many areas and subjects. We conclude nevertheless that it does not counterbalance the accused’s constitutional right to refrain from testifying concerning pending collateral criminal charges because "[w]hile an accused, unlike an ordinary witness, has an option whether to testify at all, exacting such a [sweeping] waiver as the price of taking the stand leaves little of the right to testify on one’s own behalf’ (McCormick, Evidence § 42, at 92 [3d ed 1984]). The imbalance in that equation is self-evident.
The policy of protecting the defendant’s opportunity to testify, while allowing the prosecution a balanced evidentiary response, is well served by the rule that the defendant’s choice to testify in the case on trial does not, by itself, effect a waiver of the privilege against self-incrimination as to pending unrelated charges. This rule will not, on the other hand, preclude prosecutors from inquiry into pending criminal charges if a defendant, in taking the stand, makes assertions that open the door and render those charges relevant for contradiction and response.
As to the defendant’s argument regarding the deliberating jury’s consideration of a stain on the jeans after its request for instructions from the court, we note that it was error to fail to give, after specific request, a cautionary instruction against the jury speculating on the meaning of any evidence before it.
*296 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, etc.