■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered May 17, 1988, convicting him of burglary in the third degree, criminal possession of stolen property in the fifth degree, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.

The Supreme Court's pretrial *Sandoval* ruling constituted an improvident exercise of discretion *(People v Sandoval,* 34 NY2d 371). The court ruled that in the event the defendant testified, the prosecutor would be permitted to cross-examine him with respect to admissions he had allegedly made to the police in which he inculpated himself in a series of crimes for which he had not been charged. In addition, the court ruled that the defendant would not be free to invoke his privilege against self-incrimination (US Const 5th, 14th Amends). Irre-

spective of whether this ruling constituted error as a matter of law (cf., *People v Betts,* 70 NY2d 289 [error to preclude defendant from invoking Fifth Amendment in response to questions concerning unrelated pending criminal charge]); we conclude that it constituted an improvident exercise of discretion and cannot be considered harmless (see, *People v Williams,* 56 NY2d 236, 240-241). A new trial is therefore necessary. Bracken, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.