OPINION OF THE COURT
Chief Judge Kaye.
In People v Betts (70 NY2d 289), this Court held that a defendant who elects to waive the Fifth Amendment privilege against self-incrimination and testify at trial does not automatically waive the constitutional protection with respect to cross-examination regarding unrelated pending criminal charges. We must now determine whether this principle applies, to a prospective defendant’s testimony before the Grand Jury, so as to preclude cross-examination of him, solely for impeachment purposes, regarding an unrelated pending charge. Under the narrow circumstances presented, we conclude that the Betts rationale applies and that dismissal of the indictment was appropriate.
I.
In September 1991, defendant allegedly offered to sell concert tickets to several individuals and then stole the $120 collected by the group. Upon receiving notice of the People’s intent to present this larceny case to the Grand Jury, defendant served reciprocal notice of his intent to testify. He was not given an opportunity to testify during presentment of the charges, however, and in November 1991 the indictment was dismissed. The People subsequently obtained an unrelated indictment charging defendant with perjury based upon his testimony before a separate Grand Jury in November of 1990. That perjury indictment rested on defendant’s alleged denial that he had ever been arrested for or convicted of robbery when in fact he was convicted of robbery in 1977.
On March 16, 1992, approximately one week after obtaining the perjury indictment, the People sought to re-present the *718 charges in the larceny case to a second Grand Jury, and defendant was produced in order to testify. When the prosecutor informed defense counsel that he intended to question defendant about all of his prior convictions, including the 1977 robbery conviction, counsel explained that he would instruct his client not to answer questions regarding the 1977 conviction since such questioning would force defendant to incriminate himself as to the pending perjury charge. At the prosecutor’s suggestion, the parties sought a ruling from the Grand Jury Judge, who held that the prosecutor could cross-examine defendant about the 1977 robbery conviction and that defendant could not refuse to answer. Defendant elected not to testify, and the Grand Jury returned an indictment charging defendant with grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.
Before the trial court, defendant moved to dismiss the indictment pursuant to CPL 190.50, 210.20 and 210.35, urging that he was forced to forego testifying regarding the larceny case by the Grand Jury Judge’s ruling that he would thereby forfeit his Fifth Amendment right not to incriminate himself as to the pending perjury charge. The prosecutor conceded that "of course” he had intended to use the defendant’s responses about the 1977 robbery conviction against him in the upcoming perjury trial but nevertheless maintained that the Fifth Amendment did not preclude such questioning. The court granted defendant’s motion and dismissed the indictment with leave to re-present a third time, holding that the People could not cross-examine defendant regarding the 1977 robbery conviction should he testify at any future Grand Jury proceeding. The Appellate Division affirmed. We agree with the core decision reached by both the trial court and the Appellate Division and therefore affirm.
II.
A defendant who elects to waive the Fifth Amendment privilege against self-incrimination and testify at trial generally may be cross-examined regarding prior criminal or immoral acts affecting credibility (People v Bennett, 79 NY2d 464, 468; People v Sorge, 301 NY 198, 200). As we held in People v Betts (70 NY2d 289), however, a testifying defendant does not automatically waive the privilege against self-incrimination as to questions concerning pending criminal charges unrelated to the case on trial. Thus, cross-examination of a defendant at trial, for credibility purposes, with respect to an unrelated *719 pending charge is prohibited, except where the defendant’s own assertions "open the door” to such questioning (id., at 295; see also, People v Bennett, 79 NY2d at 468).
Betts is premised on a recognition that forcing a defendant to sacrifice the privilege against self-incrimination as to a pending charge in order to take the stand in one’s own defense in an unrelated case exerts "an undeniable chilling effect upon a real 'choice’ whether to testify” (People v Betts, 70 NY2d at 292). Consequently, allowing the People to attack a testifying defendant’s credibility through cross-examination regarding an unrelated pending charge would unfairly compromise two discrete constitutional rights: the defendant’s right to testify with respect to the case on trial and the "correspondingly important” right not to incriminate oneself as to the pending matter (People v Betts, 70 NY2d at 295).
Betts involved a defendant’s decision whether to take the stand in his own defense at trial. Here the dilemma is posed not as to trial but as to defendant’s right to testify before the Grand Jury. Because the right to testify in Grand Jury proceedings derives from statute rather than the Constitution, the People and the dissent urge that Betts is simply inapplicable. We disagree.
To be sure, a prospective defendant has no constitutional right to testify before the Grand Jury. That right is provided by CPL 190.50 (5). Upon serving the proper notice, appearing at the given time and place, and executing a waiver of immunity, a prospective defendant "must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration” (CPL 190.50 [5] [a], [b]). By waiving the right to immunity, a testifying defendant before the Grand Jury necessarily gives up the Fifth Amendment privilege against self-incrimination (see, CPL 190.45 [1]).
According to the People, a prospective defendant who signs a waiver of immunity and exercises the statutory right to testify automatically also waives the privilege against self-incrimination as to all matters — including unrelated pending charges. But nothing in the statutory language indicates that the Legislature contemplated the waiver of the privilege against self-incrimination to exceed the scope of the accused’s right to testify. As specified by CPL 190.50 (5), a prospective defendant’s right to testify encompasses only those matters relevant to the case before the Grand Jury (see, People v Smith, 84 NY2d 998, 1001).
*720 Both the People and the dissent, moreover, focus primarily on the constitutional nature of the right to testify at trial, overlooking this Court’s additional explicit concern in Betts for the discrete, related and "correspondingly important” right against self-incrimination as to pending charges (see, People v Bennett, 79 NY2d at 468, supra [per se rule enunciated in Betts is appropriate "because of the constitutional protections against self-incrimination”]). An unindicted defendant also has the constitutional right not to incriminate oneself regarding pending charges. Conditioning this right on the relinquishment of the right to testify before the Grand Jury in an unrelated case certainly jeopardizes and even dilutes the Fifth Amendment privilege (cf., Minnesota v Murphy, 465 US 420, 435-436 [noting that it would be impermissible to require a probationer to choose between asserting his privilege not to make statements that would incriminate him in a pending or later criminal prosecution and answering questions relevant to the continuance of his probationary status]).
Likewise, requiring a prospective defendant wishing to testify to forego the Fifth Amendment protection and suffer incrimination as to unrelated pending charges would place a high constitutional price on the right to testify before the Grand Jury. This right, albeit statutory, is significant (see, People v Evans, 79 NY2d 407, 413-414). " 'A person’s reputation can be ruined forever by the mere handing up of an indictment, even though subsequently the indictment is dismissed, or the person tried and later acquitted’ ” (People v Lazar, 51 Misc 2d 233, 235).
Thus, CPL 190.50 (5) (a) mandates that, where the defendant has been arraigned upon an undisposed felony complaint, the People "must” notify the defendant of the Grand Jury proceeding and accord a reasonable time to appear. This provision, adopted as part of the recodification of the Code of Criminal Procedure, expanded a defendant’s rights to receive notice of pending or prospective Grand Jury proceedings (see, People v Evans, 79 NY2d at 412-413). Significantly, any indictment obtained in violation of the statutory notice and waiver provisions "is invalid” and "must be dismissed” upon timely motion (CPL 190.50 [5] [c]; see also, CPL 210.20, 210.35 [4]).
As this Court explained in People v Evans (79 NY2d 407 at 413-414), CPL 190.50 (5) "protects] defendants’ valued statutory option to appear at this critical accusatory stage to offer testimony that may affect the Grand Jury’s consideration of the otherwise exclusive, ex parte presentment of evidence by *721 the prosecution.” To guard against abridgement of this "valued” right, we have further ordered that it "must be scrupulously protected” (People v Corrigan, 80 NY2d 326, 332; see, e.g, People v Evans, 79 NY2d at 414 [affirming dismissal of indictment, because statutory right to testify was not satisfied by opportunity to appear after Grand Jury had voted indictment]).
The stakes before the Grand Jury may be somewhat lower than at trial. However, conditioning the right to testify upon waiver of the constitutional right against self-incrimination in a pending charge — solely for the purpose of allowing the People to impeach the accused’s credibility before the Grand Jury— would be incompatible with the legislative and judicial efforts to safeguard this substantial right. This is particularly so where the prosecutor’s admitted intention was to acquire sworn testimony for future use in an unrelated proceeding (cf., People v Russ, 79 NY2d 173, 178 [improper use of Grand Jury testimony at trial was not made in good faith but to circumvent evidentiary rule]). Such a condition would undoubtedly "exert! ] an undeniable chilling effect upon a real 'choice’ whether to testify in one’s own behalf’ (People v Betts, 70 NY2d at 292).
We therefore conclude that a prospective defendant who elects to testify before the Grand Jury does not waive the privilege against self-incrimination as to credibility questioning regarding unrelated pending charges.
III.
Turning to the preliminary ruling by the Grand Jury Judge in this case, we hold that it was error to preclude defendant from asserting his Fifth Amendment privilege as to questions concerning his 1977 robbery conviction.
The People contend that defendant’s credibility could be challenged through cross-examination regarding the 1977 conviction, since such questioning concerned a completed crime rather than the pending perjury charge. While a testifying defendant may generally be cross-examined for credibility purposes regarding a prior conviction, defendant’s 1977 robbery conviction (and his prior denial thereof) happened also to be the subject of the pending perjury charge. The potentially incriminatory impact of defendant’s acknowledgement of the 1977 conviction is obvious. Indeed, the trial prosecutor’s concession below that he planned to use defendant’s responses against him in the perjury case belies the People’s present claim that *722 the proposed credibility questioning was unrelated to the pending charge.
In this highly unusual case, where a prior conviction was also an element of a pending charge, defendant was entitled to the preliminary ruling as to whether he could invoke the privilege against self-incrimination as to questions regarding the pending perjury charge. In this regard, we note that it was the trial prosecutor who initially suggested that the parties seek the preliminary ruling. This should not, as the People suggest, lead to a flood of pre-Grand Jury hearings, for our holding today prohibits nothing more than questioning regarding pending charges solely for the purpose of impeaching the credibility of a defendant who testifies before the Grand Jury.
The People further urge that it was the function of the prosecutor, as legal advisor to the Grand Jury, to determine the propriety of questioning defendant regarding his prior conviction and that it was therefore improper to seek the preliminary ruling from the Grand Jury Judge. Both the court and the prosecutor, however, are legal advisors to the Grand Jury (CPL 190.25 [6]). Thus, determining the permissible scope of cross-examination is not the exclusive province of the prosecutor, and the Grand Jury Judge was empowered to issue the preliminary ruling.
Finally, defendant was not obligated to testify and then seek postindictment review of the Grand Jury Judge’s ruling. Requiring the defendant to subject himself to cross-examination regarding the 1977 robbery conviction and possibly incriminate himself as to the pending perjury charge, with the hope of prevailing in a subsequent challenge, would expose the defendant to potentially irreparable injury and prejudice, rendering his Fifth Amendment protection meaningless.
Accordingly, the order of the Appellate Division should be affirmed.