■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SELLARS, Appellant. [654 NYS2d 286] —Judgment, Supreme Court, New York County (Jerome Hornblass, J., on motion; Howard Bell, J., at jury trial and sentence), rendered June 17, 1994, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's motion to suppress physical evidence was properly denied without a hearing since his allegations were factually insufficient to raise a factual dispute warranting a hearing (see, People v Mendoza, 82 NY2d 415). We perceive no abuse of discretion in sentencing. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY SELLARS, Appellant. [654 NYS2d 285] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 1, 1994, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 7 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People concede, reversal is required because the court improperly ruled that the prosecutor could question defendant about unrelated pending criminal charges (see, People v Betts, 70 NY2d 289, 292-295). Contrary to the court's ruling, this evidence was not admissible on the issue of intent. Accordingly, we remand the matter for a new trial. Concur—Wallach, J. P., Nardelli, Williams and Tom, JJ.