OPINION OF THE COURT
Anne G. Feldman, J.
Defendant moves to dismiss the indictment pursuant to CPL 190.50 (3), (5), (6); 210.20 (1) (c) and 210.35 (5) on the grounds that he was denied his right to testify before the Grand Jury and to present mitigating evidence both through his own testimony and through the testimony of a witness he proffered to the Grand Jury. Defendant contends that because he is charged with murder in the first degree and is potentially facing a sentence of death the same constitutional issues which might arise in connection with the presentation of mitigating evidence in a capital sentencing proceeding are at issue here.
At defendant’s arraignment in Criminal Court on December 20, 1996, counsel served notice pursuant to CPL 190.50 that defendant wished to testify before the Grand Jury. On December 23, 1996, defendant waived his rights pursuant to CPL 180.80 and consented to a delay of the prosecution in his case until January 6, 1997 when a new Grand Jury was to be impanelled. He subsequently waived his rights under CPL 180.80 until January 31, 1997.
By letter to the District Attorney’s office dated January 6, 1997, the defense requested that the Grand Jury hear testimony from Judith Stein, a social worker who would testify concerning defendant’s receipt of the Department of Correction Medal of Honor during his tenure as a New York City Correction Officer. Her testimony, characterized by the defense as mitigating evidence, would be that defendant had received this medal for risking his life while saving an officer injured in the line of duty.
*250 The prosecution denied the defense request on January 14, 1996 and declined to relay the January 6 letter to the Grand Jury on the ground that the subject matter of the proffered testimony was not relevant evidence.
By letter dated January 24, 1997, the defense reaffirmed defendant’s intention to testify before the Grand Jury, but advised the prosecutor that his testimony would be limited to mitigating evidence. The letter stated that defendant would testify "only as to his character, his background, the absence of a prior criminal record, his nine-year employment as a Corrections Officer with the New York City Department of Corrections, his receipt of the Department of Correction’s Medal of Honor, his other employment history, his prior military service, his college experiences and any other relevant mitigating facts.” The letter further stated that defendant would refuse to answer any questions about the events under investigation by the Grand Jury and would not waive his Fifth Amendment right against self-incrimination regarding the events of December 7, 1996, the date on which defendant was accused of killing three people and attempting to kill another.
On January 24, 1997, the prosecution responded to this letter. It refused to schedule defendant’s appearance before the Grand Jury finding his proposed testimony not relevant to the Grand Jury’s investigation of the December 7, 1996 crimes. However, the prosecutor advised defendant that were he willing to present testimony regarding the events in question his appearance would be scheduled.
On January 31, 1997, the Grand Jury voted to indict defendant inter alia on 12 counts of murder in the first degree. The indictment was filed on February 3, 1997.
The issues presented here are: (1) whether defendant has a right to present mitigating evidence to a Grand Jury through his own testimony or through a proffered witness; and (2) whether the parties complied with the requirements of CPL 190.50.
The primary function of the Grand Jury in every felony presentation "is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution” (People v Calbud, Inc., 49 NY2d 389, 394). The evidence submitted must be competent, admissible and legally sufficient to establish that a crime was committed and that the accused committed it (CPL 190.65 [1]). In light of the Legislature’s failure to amend CPL 190.50 with respect to evidence admissible before the Grand Jury in *251 potential death penalty cases the court finds no reason to treat this case any differently.
The mitigation evidence proffered by defendant here is not admissible before the Grand Jury because it has no bearing on defendant’s guilt or innocence. It is relevant only to mitigate punishment at a sentencing proceeding which will be held only if defendant is convicted of murder in the first degree (see, CPL 400.27 [9]).
Defendant’s reliance on People v Sullivan (68 NY2d 495) is misplaced. In Sullivan the Court of Appeals recognized the Grand Jury’s power to charge only the lesser offense of manslaughter in the second degree although the evidence before it was "technically sufficient” to support a charge of intentional murder. There was no suggestion in Sullivan that the Grand Jury received any evidence which was not relevant and competent. Thus, contrary to defendant’s position, Sullivan does not stand as a precedent for introducing mitigating evidence irrelevant to the Grand Jury’s function but merely asserts the Grand Jury’s right to evaluate the competent evidence before it to determine the level of culpability.
It is well settled that a prospective defendant’s right to testify before the Grand Jury is purely statutory (CPL 190.50 [5]; People v Smith, 87 NY2d 715, 719). CPL 190.50 (5) (b) provides: "Upon service upon the district attorney of a notice requesting appearance before a grand jury pursuant to paragraph (a), the district attorney must notify the foreman of the grand jury of such request, and must subsequently serve upon the applicant, at the address specified by him, a notice that he will be heard by the grand jury at a given time and place. Upon appearing at such time and place, and upon signing and submitting to the grand jury a waiver of immunity pursuant to section 190.45, such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration. Upon giving such evidence, he is subject to examination by the people.”
"As specified by CPL 190.50 (5), a prospective defendant’s right to testify encompasses only those matters relevant to the case before the Grand Jury” (People v Smith, supra, at 719). While the right to testify is a " 'valued statutory option’ ” which the District Attorney must honor by strict compliance with the statute (People v Smith, supra, at 720), it is clear that the requirement of scrupulous compliance is not only the District Attorney’s. Before a defendant may avail himself of *252 his statutory right he must serve a timely written notice of his intention to testify, and then appear at a specific time and place prepared to waive the privilege against self-incrimination concerning all matters properly before the Grand Jury (CPL 190.50 [5] [a], [b]).
By his letter of January 24, 1997, defendant while ostensibly reaffirming his right to testify informed the prosecutor he had no intention of complying with the statutory requirements of CPL 190.50 (5). Instead, he clearly stated his intention to restrict his testimony to self-serving mitigating evidence about his background and character, irrelevant to the Grand Jury investigation. Moreover, he advised he would refuse to answer any questions about the subject of the Grand Jury’s investigation and would refuse to sign the required waiver of immunity.
Such a notice is the equivalent of no notice at all. By placing such untenable conditions on his appearance before the Grand Jury, defendant effectively retracted his initial notice and thereby relieved the prosecution of its statutory obligation to permit him to testify.
In addition to his own testimony defendant sought to present a witness to the Grand Jury to testify to the same mitigating evidence. As noted, the court has found that a notice of intent to proffer irrelevant and inadmissible testimony is equivalent to serving no notice pursuant to CPL 190.50. Accordingly, the District Attorney was not obligated to advise the Grand Jury of the witness’ proposed testimony. To require it to do so would permit the Grand Jury access to inadmissible testimony.
The statutory scheme under which the Grand Jury operates requires the District Attorney to act as its legal advisor. Exercising this role the District Attorney concluded that the proffered evidence was irrelevant to the Grand Jury’s investigation of the crime about which it was hearing evidence. Accordingly, it refused to advise the jury of the proposed evidence.
The defendant’s claim that the District Attorney had no authority to make this decision unilaterally requires an unworkable reading of the statute and calls for the District Attorney to engage in an exercise in futility. The District Attorney, as the jury’s legal advisor, was authorized here to make this threshold determination of relevancy. It would impair the *253 integrity of the proceedings to require the jurors themselves to determine relevancy.*
Moreover, in this instance the District Attorney was not required to get court approval of its decision not to submit the evidence. The court and District Attorney share the function of legal advisor to the Grand Jury (CPL 190.25 [6]). The District Attorney saw no need for judicial approval. Had defense counsel wished to obtain judicial resolution of this issue they could have sought judicial intervention upon receipt of the District Attorney’s January 14 letter. They failed to do so.
Accordingly, defendant’s motion is denied.

 Defendant moves to dismiss the indictment pursuant to CPL 210.35 (5) on the grounds that the Grand Jury proceeding was defective. Under this statutory provision a showing of prejudice to the defendant must be demonstrated (People v Williams, 73 NY2d 84). Because mitigating evidence is irrelevant to the facts of the case it did not belong before the Grand Jury. Thus, there could be no showing of prejudice. Accordingly, the District Attorney’s failure to show the letter covering the witness’ proffered testimony to the foreperson of the Grand Jury would have constituted harmless error.