OPINION OF THE COURT
Leon Ruchelsman, J.
The defendant is charged with criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), two counts of criminally using *68 drug paraphernalia in the second degree (Penal Law § 220.50 [2], [3]) and two counts of endangering the welfare of a child (Penal Law § 260.10 [1]). A Huntley hearing was held before this court on May 20, 1998 and Police Officer James Bodnar testified for the People. The following day the People rested and the defendant indicated that he wished to testify on his behalf. The People asserted that if the defendant would take the witness stand they would seek to impeach his credibility by cross-examining him about a pending unrelated drug charge. The defendant objected and noted that this would violate the rule enunciated in People v Betts (70 NY2d 289 [1987]). The People countered that such cross-examination at a pretrial hearing would be proper. After hearing arguments from both parties this court now makes the following determination.
CONCLUSIONS OF LAW
In People v Betts (supra), the Court of Appeals held that a defendant who testifies at trial cannot be cross-examined about pending unrelated charges in efforts to impeach his credibility. The Court noted that questioning a defendant about pending charges would chill the defendant’s choice whether to testify on his own behalf. The right against self-incrimination could become seriously jeopardized if a defendant’s pretrial statements could be introduced into evidence at a subsequent criminal proceeding. The constitutional protections against self-incrimination demand this categorical exclusion notwithstanding the broad discretion generally afforded Sandoval issues (People v Bennett, 79 NY2d 464 [1992]).
In People v Smith (87 NY2d 715 [1996]) the Court extended the Betts rule and prohibited questioning a defendant who testifies at the Grand Jury about pending unrelated criminal charges. The Court similarly reasoned that a defendant who testifies at the Grand Jury waives immunity (see, CPL 190.45) and can therefore be questioned about that testimony later at trial. To permit questioning about pending criminal matters would likewise chill the defendant’s choice whether to testify at the Grand Jury, since the constitutional safeguards protecting against self-incrimination would be compromised. The Court prohibited questioning about pending criminal matters at the Grand Jury even though a defendant’s right to testify at the Grand Jury flows from statute and not the Constitution.
It is evident, then, that these cases prohibit questioning a defendant about pending criminal charges where his responses may be used against him at a later date as evidence of guilt in *69 violation of the Fifth Amendment right against self-incrimination (People v Betts, supra). The question presented before this court, which appears to be a case of first impression, is whether a defendant who testifies at a pretrial hearing may be questioned about his pending criminal charges. The focus of this question is whether the testimony of a defendant at a pretrial hearing can ever be used against that defendant at a later trial.
A pretrial hearing is a forum where the parties can raise various issues and may call witnesses and introduce evidence in support of those issues (People v Davis, 169 AD2d 379 [1st Dept 1991]). A defendant may testify at a pretrial hearing (CPL 60.15 [2]). In Simmons v United States (390 US 377 [1968]) the Supreme Court held that a defendant’s testimony at a pretrial hearing is inadmissible on the People’s direct case at trial. In Simmons, the defendant was charged with possessing items allegedly robbed from a bank which were found in a suitcase. Pursuant to Fourth Amendment jurisprudence existing at that time (see, Jones v United States, 362 US 257 [1960]), the defendant testified at the pretrial suppression hearing to assert standing to challenge the search of the suitcase. The defendant testified that although he was not certain the suitcase belonged to him it was similar in appearance to one he owned and in any event clothes which he did own were recovered from that suitcase along with the stolen bank items. That testimony was introduced against him at trial as proof that the defendant was the owner of the suitcase.
The Court held that allowing the People to introduce a defendant’s pretrial testimony against the defendant at trial would force the defendant to forego certain constitutional protections. Should the defendant testify at the pretrial hearing then that testimony would be used to incriminate him at trial, notwithstanding the Fifth Amendment protections against such self-incrimination. If the defendant chose not to testify at the pretrial hearing then he would be forfeiting a valid Fourth Amendment claim. The Court noted that this dilemma placed on the defendant the unfair decision of choosing one right over another. The Court eschewed this inherent tension between the Fourth and Fifth Amendments by ruling that the pretrial testimony of the defendant could not be introduced against the defendant at trial.
The Supreme Court has yet to decide whether Simmons (supra) applies to all pretrial hearings or is limited exclusively to suppression hearings. However, in United States v Branker *70 (418 F2d 378 [2d Cir 1969]), the court held that Simmons would bar introducing evidence elicited by a defendant at a pretrial hearing for an application to proceed in forma pauperis. The court noted that a defendant’s Sixth Amendment right to counsel is as significant as the right against unreasonable searches and seizures which Simmons expressly protected. Therefore, a defendant would not be faced with the dilemma of having to risk his right to counsel by the possibility that such request could later be used to incriminate him at trial. (See also, People v Raftopolous, 171 Misc 2d 205 [Sup Ct, Queens County 1996].)
In United States v Pavelko (992 F2d 32 [3d Cir 1993], cert denied sub nom. Kenney v United States, 510 US 900 [1993]) the court again held that a defendant’s testimony at a pretrial hearing for the assignment of counsel could not be used against him at trial. The court echoed Branker (supra) and Simmons (supra) that it would be unfair for a defendant to sacrifice one constitutional right in order to assert another.
In the case at bar, the defendant seeks to testify at a pretrial Huntley hearing to elicit that he does not speak English and did not comprehend the Miranda warnings administered by Officer Bodnar. Thus, the defendant wishes to assert the violation of a Fifth Amendment right derived from Miranda v Arizona (384 US 436 [1966]), while jeopardizing his Fifth Amendment right against self-incrimination pertaining to his pending criminal charge. The dilemma posed by exercising one set of rights while thereby forfeiting other constitutional rights is likewise present. Thus, the defendant’s choice whether or not to testify is chilled by the self-incrimination which may result. The mere fact that a constitutional right sought in this case is of a Fifth Amendment dimension is of no moment. Simmons (supra) and the other cited cases provide sufficient authority to protect the testimony of the defendant at the Huntley hearing.
Therefore, since any testimony which the defendant states at the pretrial Huntley may not be used against him at a later date, the defendant may be questioned about his pending criminal charge for the purposes of affecting his credibility (cf., People v Betts, 70 NY2d 289, supra).
The court is mindful that should defendant testify at trial and open the door with respect to his character and provide an inaccurate or inconsistent account of his past then the People will be permitted to impeach the defendant about his pending case on cross-examination (People v Betts, supra; People v Linderberry, 215 AD2d 867 [3d Dept 1995]).
*71 Therefore, based on the foregoing the defendant’s motion to prevent the People from questioning him about a pending criminal matter during cross-examination at the Huntley hearing is denied.