OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed on the law and matter remanded for a new trial.
Defendant contends on appeal that the trial court’s Sandoval ruling unduly compromised his right to testify by exerting a chilling effect. Defendant’s criminal record included (1) a 1998 conviction for attempted aggravated harassment in which the complainant was the ex-husband of the complainant in the case at bar, (2) a pending Florida charge regarding obstruction by disguise, (3) a pending Florida charge regarding possession of marijuana, (4) a pending Florida charge regarding the destruction of evidence and witness tampering, and (5) a pending Florida charge regarding resisting arrest. The People sought to cross-examine defendant regarding his 1998 conviction, as well as two of the pending Florida charges — arguing that the charges go directly to defendant’s credibility — and, if defendant put on character witnesses, the People wanted to inquire of the witnesses whether they were aware of the pending Florida charges. The trial court ruled that the People could not cross-examine defendant regarding his 1998 conviction, his pending possession of marijuana charge or his pending resisting arrest charge, but could cross-examine defendant regarding his pending obstruction of justice charge and his destroying evidence and tampering with witnesses charge. It also ruled that, if defendant put on character witnesses, the People could inquire of the witnesses whether they were aware of the pending Florida charge regarding the destruction of evidence and witness tampering.
Inasmuch as the Court of Appeals has “vindicated [the] defendant[’s] Fifth Amendment rights against self-incrimination by holding that the People may not cross-examine defendants about pending crimes to impeach their credibility” (People v Ro *42 jas, 97 NY2d 32, 40 [2001]; see also People v Bennett, 79 NY2d 464, 468 [1992]; People v Betts, 70 NY2d 289, 295 [1987]), we find that the trial court’s Sandoval ruling was improper.
Although defendant has served the sentences imposed, in view of the totality of the circumstance presented including the nature of the crimes charged, for penological purposes it is relevant whether defendant committed the crimes (see People v Allen, 39 NY2d 916 [1976]) and, accordingly, defendant’s conviction is reversed and the matter is remanded for a new trial. We pass on no other issue.
McCabe, P.J., Lifson and Skelos, JJ., concur.