People v Sotomayor (2020 NY Slip Op 51391(U))

[*1]

People v Sotomayor (Rene)

2020 NY Slip Op 51391(U) [69 Misc 3d 145(A)]

Decided on November 20, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570369/16

 The People of the State of New York,
Respondent,
against
Rene Sotomayor, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Melissa A. Crane, J.), rendered May 11, 2016, after a nonjury trial, convicting him
of attempted criminal possession of a weapon in the fourth degree, menacing in the third degree
and harassment in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered May 11, 2016, affirmed.
The court properly denied defendant's motion to suppress his statements to the police. There
is no basis for disturbing the court's credibility determinations, which are supported by the record
(see People v Prochilo, 41 NY2d 759, 761 [1977]). The police went to defendant's room
at a homeless shelter to investigate a recently reported knife incident. The record establishes that
the questioning of defendant at the doorway to his room, while the officer remained in the
hallway, holding the door open with his foot, was not custodial, so that Miranda warnings
were not required. The standard of custody is what a reasonable innocent person in defendant's
position would have believed, irrespective of any unconveyed subjective intent of the police to
make an arrest (see Stansbury v California, 511 US 318, 325 [1994]; People v
Yukl, 25 NY2d 585 [1969], cert denied 400 US 851 [1970]). Here, the officer did not
use force or threats, defendant was free to move about his room and sat on the bed without the
officer following him inside, defendant was cooperative and the questioning was investigatory
rather than accusatory (see People v
Chaplin, 134 AD3d 1148, 1150 [2015], lv denied 27 NY3d 1067 [2016]; People v Dillhunt, 41 AD3d 216,
217 [2007], lv denied 10 NY3d 764 [2008]; see also People v Jeremiah, 147 AD3d 1199 [2017], lv denied
29 NY3d 1033 [2017]).
Further, once defendant retreated to the bed, the officer observed two knives plainly visible.
In the circumstances, the officer acted properly to ensure his own safety when he asked defendant
to step into the hallway (see People v Benjamin, 51 NY2d 267, 270 [1980]; People v Jiminez, 101 AD3d 569
[2012], lv denied 20 NY3d 1100 [2013]; People v Wylie, 244 AD2d 247, [*2]249 [1997], lv denied 91 NY2d 946 [1998]). Since
defendant left the room voluntarily, and, indeed, was not immediately handcuffed or otherwise
restrained when he entered the hallway, there was no violation of Payton v New York
(445 US 573 [1980]) (see People v Minley, 68 NY2d 952 [1986]). In any event, even if
Payton were implicated, exigent circumstances justified any warrantless entry into
defendant's room (see People v McBride, 14 NY3d 440, 446 [2010]).
The trial court properly admitted into evidence, under the present sense impression exception
to the hearsay rule, the recordings of two telephone calls made by shelter staff members to the
911 emergency number (see People v Buie, 86 NY2d 501, 512-513 [1995]). The staff
members were clearly describing substantially contemporaneous events that they personally
observed either as they were unfolding or immediately afterwards (see People v Vasquez,
88 NY2d 561, 575 [1996]; see also People v Cantave, 21 NY3d 374, 381 [2013], cert
denied 21 NY3d 374 [2013]), the substance of which was sufficiently corroborated by
content of each others' 911 call and the testimony at trial. There was no violation of the
Confrontation Clause because the nontestifying caller's statements addressing an ongoing
emergency, i.e., seeking police intervention as defendant was still at large with a knife, were
nontestimonial (see Davis v Washington, 547 US 813, 822 [2006]; People v
Nieves—Andino, 9 NY3d 12, 15 [2007]; People v Anonymous, 174 AD3d 434 [2019], lv denied 34
NY3d 1075 [2019]).
Assuming, arguendo, that the trial court erred in any of the above-discussed rulings, the
evidence of guilt was overwhelming (see People v Crimmins, 36 NY2d 230, 243 [1975]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 20, 2020