People v Smith (2022 NY Slip Op 04494)

People v Smith

2022 NY Slip Op 04494

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

511 KA 20-01573

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REDDELL SMITH, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered February 6, 2020. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that Supreme Court erred in denying his request for an order barring the prosecution from cross-examining him concerning who he was with during this incident, in the event that he chose to testify. Defendant contends that such cross-examination would have violated his Fifth Amendment rights because that information was the subject of a pending federal indictment (see generally People v Cantave, 21 NY3d 374, 379 [2013], motion to clarify op denied 21 NY3d 1070 [2013]; People v Betts, 70 NY2d 289, 291 [1987]). We reject that contention.
It is well settled that, "when a defendant testifies, 'he subjects himself voluntarily to the situation of any other witness, and if he is compelled to answer disparaging questions, or to give evidence relevant to the issue, which is injurious, it is the consequence of an election which he makes to become a witness, which involves a waiver on his part at that time, of the constitutional exemption' " (Betts, 70 NY2d at 293). Nevertheless, "a defendant-witness does not generally and automatically waive the privilege against self-incrimination as to pending collateral criminal charges" (id. at 294-295). Consequently, where, as here, a defendant wishes to testify at trial but assert his or her Fifth Amendment privilege against self-incrimination with respect to a pending criminal charge, the "defendant is entitled to a pretrial ruling . . . precluding the prosecution from cross-examining for credibility purposes only as to pending unrelated criminal charges if defendant takes the stand" (id. at 291).
Here, assuming, arguendo, that defendant's request, which was made after the People had rested and defendant had presented other evidence, was a proper and timely manner in which to seek such a "pretrial ruling" (id.; see also Cantave, 21 NY3d at 378-379), we conclude that the court properly denied defendant's request. The allegations in the indictment arose from an incident in which two groups of people became embroiled in an altercation. Both groups included several people, many of whom were involved in the altercation. Defendant was charged with stabbing a member of the other group, and he presented a justification defense at trial. In the request at issue, he sought to preclude the prosecution from cross-examining him about who he was with at the time of the altercation based on his claim that he was charged in federal court with associating with gang members on the day in question and thus that, if he were to testify about who he was with, he would incriminate himself with respect to the pending federal charges.
As noted, however, the Betts rule provides that the prosecution may not cross-examine a defendant for credibility purposes about "pending unrelated criminal charges" (70 NY2d at 291; see also Cantave, 21 NY3d at 381). Here, although the facts at issue could incriminate defendant in the pending federal charge, that "charge was not a collateral matter but, rather, was directly relevant to and probative of the charges at issue" (People v Soto, 70 AD3d 981, 981 [2d Dept 2010], lv denied 15 NY3d 757 [2010]).
Defendant further contends that the verdict is contrary to the weight of the evidence on several grounds, including the jury's rejection of his justification defense. Even assuming, arguendo, that a different verdict would not have been unreasonable, we cannot conclude that, when viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), including the charge on the defense of justification, the jury failed to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court