The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Luciano DAVALOS, Defendant–Appellant.

No. 98CA2352.

Colorado Court of Appeals, Div. II.

May 10, 2001.

Rehearing Denied June 14, 2001.

Ken Salazar, Attorney General, Paul Koehler, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Karen Ann Chaney, Colorado Springs, CO, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Luciano Davalos, appeals the judgment of conviction entered pursuant to jury verdicts finding him guilty of five counts of theft. We affirm the judgment of conviction, reverse the restitution order, and remand with directions.

In May 1989, defendant's mother died, leaving him property in Florida. In August 1989, defendant submitted applications to the Department of Social Services (the Department) for Aid to Families with Dependent Children (AFDC) and, separately, for food stamps.

The AFDC application asked whether defendant owned any land other than his present residence. It also inquired whether defendant had any inheritance. Defendant answered in the negative to both these questions, failing to inform the AFDC program that he had in fact inherited his mother's home in Florida. The food stamp application contained similar questions to which defendant again answered in the negative.

The Department approved his applications and required status reports every month for AFDC and redetermination reports for the food stamps. These reports contained questions similar to those asked in the initial applications. Defendant continued to omit information concerning the home in Florida.

Upon learning of the Florida property, the Department discontinued defendant's AFDC and food stamps benefits. Thereafter, in November 1996, the prosecution filed a criminal information charging five counts of theft.

Defendant was convicted on all five theft counts and sentenced to probation. The trial court also ordered defendant to pay restitution for all funds received, including those for which he was not charged because prosecution was barred by the statute of limitations. This appeal followed.

I.

■ Defendant first contends that the trial court abused its discretion in admitting, over his objection, evidence concerning applications he submitted to the Low-income Energy Assistance Program (LEAP) that were not related to the offenses charged. We find no reversible error.

■ A trial court has substantial discretion in deciding questions concerning the admissibility of evidence. Absent an abuse of this discretion, the evidentiary rulings of a trial court will be affirmed. *People v. Eppens*, 979 P.2d 14 (Colo.1999).

At trial, defendant advanced an affirmative defense centered on his ignorance of the need to inform AFDC of the Florida property. In anticipation of the defense, the prosecution offered evidence showing that on applications to LEAP, defendant denied "having" any real estate or inheritance resources. The trial court ruled the evidence admissible as both *res gestae* and as similar transaction evidence under CRE 404(b). We determine that the evidence concerning the LEAP applications was admissible as *res gestae* evidence and, therefore, do not consider the CRE 404(b) issue.

■ When evidence is part of a continuous transaction that explains the setting in which the crime occurred, it is admissible as part of the *res gestae*. Such evidence has as its purpose to "provide the fact-finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred." This evidence is "not subject to the general rule that excludes evidence of prior criminality." *People v. Quintana*, 882 P.2d 1366, 1373 (Colo.1994).

■ Defendant's affirmative defense was that he lacked the requisite knowledge and

intent to defraud or, in the alternative, that he mistakenly omitted the necessary information when submitting the AFDC applications. The burden to rebut the affirmative defense was on the prosecution. Thus, evidence to establish that defendant had the requisite intent was necessary.

We, thus, conclude that the LEAP applications were relevant in that they provided the jury with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred.

■ The trial court also determined that the probative value of the evidence was not outweighed by its prejudicial effect. This determination is within the province of the trial court and will not be overturned absent an abuse of discretion. *People v. Quintana, supra; see also* CRE 403. We find no such abuse.

Furthermore, the trial court properly instructed the jury that the LEAP applications should only be considered for the limited purpose of determining whether defendant had the requisite intent or whether there was a lack of mistake in his actions. While it was not necessary to give this limiting instruction as to *res gestae* evidence, to the extent that it limited the jury's consideration of the evidence, the instruction inured to defendant's benefit.

We, therefore, conclude that the trial court did not abuse its discretion in admitting the challenged evidence.

## II.

■ Defendant next contends that the prosecution committed prejudicial misconduct during closing argument. We perceive no grounds for reversal.

■ The determination whether a prosecutor's statements constitute inappropriate argument is a matter within the trial court's discretion. A trial court must determine whether the prosecutorial misconduct in all probability influenced the result reached by the jury or affected the fairness of the proceedings. *People v. Jones,* 990 P.2d 1098 (Colo.App.1999).

■ It is improper in closing argument for a prosecutor to interject his or her personal beliefs regarding the truth of a witness' testimony. A prosecutor may, however, argue based on the evidence and reasonable inferences from that evidence. Thus, a contention that the prosecution engaged in improper argument must be evaluated in the context of the argument as a whole and in light of the evidence presented. *People v. Mandez,* 997 P.2d 1254 (Colo.App. 1999).

Here, the prosecutor remarked in closing that it "really doesn't matter" whether defendant owned the Florida property. Defense counsel objected, and the trial court responded that such remarks were legitimate argument based on evidence presented at trial. Because defense counsel objected, we determine whether the remarks were beyond fair argument of the facts and reasonable inferences therefrom. *See People v. Serpa,* 992 P.2d 682 (Colo.App.1999).

The prosecutor argued that the jury did not need to determine whether defendant had legal title to the property at the time of the crimes charged. Rather, he argued, the jury merely had to determine whether defendant knowingly hid his interest in his mother's property in order to procure benefits to which he knew he was not entitled. We find nothing improper about this line of argument.

Thus, we conclude that the trial court did not abuse its discretion in overruling defendant's objection.

## III.

■ Defendant further contends that reversal is required because the trial court improperly instructed the jury by failing to specify the victim. We disagree.

■ Errors in jury instructions that are not objected to at trial are assessed under either the harmless or plain error standards. *Griego v. People,* 19 P.3d 1 (Colo.2001).

■ Here, the trial court instructed the jury without objection by defendant. Thus, we review defendant's claim under the plain error doctrine. To constitute plain error, a

faulty instruction must have so undermined the fundamental fairness of the trial that it cast serious doubt on the reliability of the verdict. *People v. Collie*, 995 P.2d 765 (Colo. App.1999).

When considering a claim of error concerning jury instructions, a reviewing court must examine whether the instructions, as a whole, adequately informed the jury of the elements of the crime charged. *People v. Dore*, 997 P.2d 1214 (Colo.App.1999).

Defendant asserts that the prosecutor's statements during closing argument, in conjunction with the failure of the court's instructions clearly to identify the AFDC, as opposed to another assistance program, as a victim, allowed the jury to convict defendant without agreeing unanimously that he was guilty of the crimes charged. Although the better practice would have been to have specified the victims as set forth in the information, the instructions as a whole, taken with the evidence presented at trial, informed the jury of all essential elements of the crimes charged and made the jury aware of the identities of those victims.

We conclude that, even though the trial court erred in not specifying the victims, such error did not rise to the level of plain error because the evidence revealed clearly the victims' identities. Accordingly, reversal is not required.

## IV.

Defendant finally contends that the trial court erred in ordering restitution for the total amount of funds unjustly received, including any funds received outside the statute of limitations. We agree.

Section 16–11–204.5, C.R.S.2000, provides that, as a condition of every sentence to probation, the court must provide that the defendant make restitution to the victim of his conduct for the actual damages that were sustained. A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the trial court's ruling will not be disturbed on appeal.

*People v. Estes*, 923 P.2d 358 (Colo.App. 1996).

The applicable statute of limitations provides that:

Except as otherwise provided by statute applicable to specific offenses or circumstances, no person shall be prosecuted, tried, or punished for any offense unless the indictment, information, or complaint is filed in a court of competent jurisdiction ... within [three years] after the commission of the offense ....

Section 16–5–401(1)(a), C.R.S.2000.

The information in this case was filed on November 15, 1996. Thus, any alleged theft committed prior to November 15, 1993, could not be prosecuted.

The trial court, in its order of restitution, acknowledged that the charges brought under the initial complaint were all that were allowed under the statute of limitations. However, the court determined that restitution could be ordered for all criminal acts, including those acts for which prosecution was barred by the statute of limitations.

We recognize that a division of this court has held that a restitution order may properly include losses to a victim resulting from a series of uncharged criminal actions of a defendant. *See People v. Estes, supra.* However, the issue of whether the statute of limitations bars such orders was not discussed in that case, and it is one of first impression in Colorado.

Federal courts that have addressed this issue have determined that a trial court may not order restitution as to offenses as to which prosecution is barred by the statute of limitations. *See United States v. Silkowski*, 32 F.3d 682, 687 (2d Cir.1994)("[The trial] court is prohibited from ordering restitution for losses attributed to conduct that was not part of the offense of conviction because of the applicable statute of limitations in [the] case."); *see also Hughey v. United States*, 495 U.S. 411, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990)(discussing the limits on restitution orders); *United States v. Yashar*, 166 F.3d 873 (7th Cir.1999)(citing *Silkowski* with approval). Although we recognize that the federal restitution statute is different from the Colo-

rado restitution statute, we determine that the public policy supporting the enactment of statutes of limitations requires this court to reach the same conclusion as that of the federal courts.

Had the General Assembly desired to exclude restitution from the "punishment" referred to in § 16–5–401(1)(a), it could have done so explicitly. We note, further, that the theft statute, § 18–4–401, C.R.S.2000, does not specify that crimes committed outside the applicable statute of limitations period are subject to the restitution statute. Nor does the restitution statute specify that thefts committed in violation of § 18–4–401 are an exception to the general policy that no person shall be punished for any offense unless the charges are filed within the applicable limitation period.

■ Thus, we find no support for the contention that the General Assembly intended to exclude § 16–11–204.5(1) from the requirements of the statute of limitations. Indeed, the plain language of the relevant statutes leads to a conclusion that the statute of limitations applies to restitution orders. *Cf. State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000)("To reasonably effectuate the legislative intent, a statute must be read and considered as a whole 'and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts.'" (quoting *People v. District Court*, 713 P.2d 918, 921 (Colo.1986))).

We, therefore, determine that the trial court erred as a matter of law in ordering restitution concerning funds received by defendant outside of the period covered by the statute of limitations. Hence, the cause must be remanded with directions to the trial court to recalculate and order restitution based only on those funds defendant received after November 15, 1993, regardless of whether those funds were covered by the charges in the complaint.

The judgment is affirmed. However, the order of restitution is reversed, and the cause is remanded to the trial court for fur-

ther proceedings consistent with the views expressed in this opinion.

PLANK and CASEBOLT, JJ., concur.