**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Jessie VALDEZ, Defendant–Appellant.**

No. 00CA1931.

Colorado Court of Appeals,
Div. III.

March 14, 2002.

Rehearing Denied April 25, 2002.

Certiorari Denied Oct. 28, 2002.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Horowitz & Wake, Philip L. Gordon, Denver, CO, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Jessie Valdez, appeals the judgment and sentences imposed upon his conviction of two counts of possession of controlled substances and five habitual criminal counts. We affirm the convictions in part, reverse them in part, vacate the sentences, and remand for resentencing.

Defendant was found guilty after a jury trial of possession of a schedule III controlled substance (codeine), a class four felony, and possession of a schedule IV controlled substance (alprazolam), a class five felony. Thereafter, the trial court found defendant to be a habitual criminal based on five prior convictions.

Before sentencing, defendant requested and was granted a proportionality review. The trial court determined that the required sentence under § 16–13–101(2), C.R.S.2001, twenty-four years on the class four felony count (codeine) and twelve years on the class five felony count (alprazolam), would be unconstitutionally disproportionate to the crimes for which defendant was convicted. Therefore, the court sentenced him to twelve years on the class four felony (codeine) and ten years on the class five felony (alprazolam), to be served concurrently. This appeal followed.

## I.

■ Defendant contends that the trial court erred in admitting, over his objection, evidence of drug paraphernalia that was seized from his apartment during the execution of a search warrant. We disagree.

■ Evidence of other offenses or acts that is not extrinsic to the offense charged, but is instead part of the criminal episode or transaction with which the defendant is charged, is admissible to provide the fact finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred. This res gestae evidence is not subject to the general rule that excludes evidence of prior criminality. *People v. Quintana,* 882 P.2d 1366 (Colo.1994).

■ Res gestae evidence is admissible only if it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice. *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990); *see* CRE 403. The trial court has substantial discretion in determining the admissibility of evidence. Absent an abuse of discretion, the trial court's evidentiary rulings will be affirmed. *People v. Eppens,* 979 P.2d 14 (Colo.1999); *People v. Davalos,* 30 P.3d 841 (Colo.App. 2001).

Here, the trial court allowed two police officers who participated in the search of defendant's apartment to testify regarding items of drug paraphernalia that were recovered: two spoons containing heroin residue, which were recovered under a mattress along with one of the alprazolam pills, and a marihuana pipe and a quantity of marihuana, which were recovered from a chair close to the nightstand where the other two alprazolam pills were found.

The trial court determined that this evidence was admissible as res gestae. However, in an effort to minimize any prejudice to defendant, the court gave the jury a limiting instruction regarding the use that it could make of the evidence. Specifically, the court told the jury that the evidence "should not in any way, shape, or form be considered by you as somehow indicating bad character of the defendant or that he is necessarily guilty by implication of the crimes that he is charged with."

In addition, the court subsequently instructed the jury:

[Y]ou have heard testimony and received exhibits regarding drug paraphernalia recovered from [defendant's] apartment.... You may consider this evidence and give it such weight as you deem appropriate only, and I emphasize the word "only," for the purpose of determining whether the Defendant knowingly possessed Codeine

and/or Alprazolam and for no other purpose.

We are not persuaded by defendant's argument that the relevance of this evidence was outweighed by the danger of unfair prejudice. The evidence of illegal drug paraphernalia was relevant to the question of defendant's knowledge of the nature of the codeine and alprazolam pills recovered from his apartment and their illegality in the absence of a prescription. Moreover, because defendant's theory of the case was that he had no knowledge of any controlled substances in his apartment, the evidence gave the jury a more complete picture of the circumstances under which the codeine and alprazolam were found. *See, e.g., People v. Mack,* 33 P.3d 1211 (Colo.App.2001) (evidence of pager and amount of cash interwoven with facts of defendant's arrest was relevant to jury's full understanding of events surrounding search and arrest); *People v. Ornelas,* 937 P.2d 867 (Colo.App.1996)(information surrounding defendant's activities and knowledge relative to the distribution of other drugs considered proper res gestae evidence).

Furthermore, although not required, the trial court instructed the jury twice regarding the limited purposes of the evidence. We must presume that the jury followed the limiting instructions given by the court. *See People v. O'Neal,* 32 P.3d 533 (Colo.App. 2000).

Therefore, we conclude that the trial court did not abuse its discretion in admitting this evidence.

## II.

■ Defendant also contends that the evidence presented at trial was insufficient to support his conviction for possession of alprazolam. Specifically, he asserts that no evidence was presented to establish that he knew what the alprazolam pills were or that they were illegal, and that the guilty verdict was therefore based on speculation and conjecture, rather than direct evidence. We are not persuaded.

■ Where the sufficiency of the evidence is challenged on appeal, a reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crimes charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988). The evidence, whether direct or circumstantial, must be both substantial and sufficient to support the determination of guilt. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

■ It is the duty of the fact finder in a criminal case to determine the credibility of the witnesses, to consider what weight should be given to all parts of the evidence, and to resolve conflicts, inconsistencies, and disputes in the evidence. *Kogan v. People, supra; People v. Martinez,* 36 P.3d 154 (Colo.App.2001).

Here, the prosecution established that the alprazolam was found in defendant's apartment next to his bed and underneath the mattress. It was also shown that defendant was the only occupant of the apartment. The evidence established that the pills beside the bed were wrapped together in cellophane cigarette packaging material similar to the packaging of the codeine tablets discovered in a shirt in defendant's closet. Trial testimony established that defendant admitted that the tablets found in the shirt contained codeine and that he knew a prescription was necessary to possess them. Finally, evidence was introduced regarding illegal drug paraphernalia found in the vicinity of the drugs defendant was charged with illegally possessing.

Viewing this evidence in the light most favorable to the prosecution, as we must, we conclude that it is substantial and sufficient to allow a reasonable juror to determine that defendant knew the nature of the pills found packaged together beside his bed and underneath his mattress. Therefore, we reject his contention.

## III.

■ Defendant further contends that his conviction for possession of codeine as a schedule III controlled substance as a class

four felony must be reversed. We agree in part.

Here, the concentration of codeine in a particular dose establishes the penalty to which a defendant may be subjected. Under § 18–18–405(2)(b)(I), C.R.S.2001, if a substance is classified under schedule III, possession of that substance constitutes a class four felony. Under § 18–18–405(2)(d)(I), C.R.S.2001, if a substance is classified under schedule V, possession constitutes a class one misdemeanor. Codeine appears in the statutes under both schedule III and schedule V, depending upon the concentration of the drug. *See* § 18–18–205(2)(d)(I), (II), C.R.S. 2001 (schedule III); § 18–18–207(2)(b)(I), C.R.S.2001 (schedule V).

Defendant was charged with and convicted of possession of codeine as a schedule III controlled substance, a class four felony. Therefore, the prosecution was required to prove beyond a reasonable doubt that defendant possessed codeine in a concentration sufficient to place it on schedule III. The record reflects, and the prosecution concedes, that no evidence was presented at trial to establish the concentration of the codeine contained in the eight tablets found in defendant's apartment.

Therefore, the evidence at trial was insufficient to establish that defendant committed the crime with which he was charged in the information and convicted, that is, possession of a schedule III controlled substance (codeine), a class four felony. Consequently, his conviction for that offense must be reversed.

■ However, the evidence at trial did establish that the tablets found in his apartment contained codeine and that he was aware that a prescription was necessary to possess them. Defendant does not dispute that evidence. Illegal possession of any concentration of codeine up to 200 milligrams per 100 grams is sufficient to constitute possession of a schedule V controlled substance under § 18–18–207(2)(b)(I), a class one misdemeanor. *See* § 18–18–405(2)(d)(I).

■ Thus, the evidence at trial was sufficient to establish defendant's guilt of the lesser included misdemeanor offense. Consequently, on remand, the court shall enter a conviction for the misdemeanor offense and resentence defendant in accordance with § 18–1–106, C.R.S.2001. *See People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975)(if appellate court reverses conviction as to greater offense for insufficient evidence, it may direct entry of judgment on lesser included offense supported by sufficient proof, even if jury was not instructed upon that lesser offense); *People v. Saleh*, 25 P.3d 1248 (Colo.App.2000) (*cert. granted on other grounds* July 2, 2001)(same).

### IV.

■ Defendant's final contention is that the trial court, having found that the statutorily prescribed habitual criminal sentences under § 16–13–101, C.R.S.2001, were unconstitutionally disproportionate, must resentence him to a term in the presumptive range for the felony class of the offense. Again, we agree in part.

Initially, we note that the People have not appealed the trial court's determination that the statutorily prescribed habitual criminal sentences were disproportionate. *Cf. People v. Mershon*, 874 P.2d 1025 (Colo.1994)(reversing trial court's determination that defendant's sentence was disproportionate where the People appealed the issue). We also note that, because of our previous holding, we need only deal with defendant's conviction of possession of a schedule IV controlled substance (alprazolam), a class five felony.

The presumptive sentencing range for a class five felony is one to three years imprisonment followed by two years of mandatory parole. Section 18–1–105(1)(a)(V)(A), C.R.S. 2001. As applied here, an aggravated sentence of one and one-half to six years imprisonment followed by two years of mandatory parole must be imposed if the trial court finds certain enumerated extraordinary aggravating circumstances. Section 18–1–105(1)(a)(V), (9)(a), C.R.S.2001. None of the enumerated extraordinary aggravating circumstances is present in this case. *See* § 18–1–105(9)(a)(I)–(IX), C.R.S.2001. In the event, however, and again as applied here, a trial court finds nonenumerated extraordi-

nary mitigating or aggravating circumstances based on the record or presentencing report, it may, in its discretion and after specific findings, sentence the defendant to a minimum of six months to a maximum of six years plus two years of mandatory parole. Section 18–1–105(1)(a)(V), (6), (7) C.R.S.2001.

The applicable provisions of the habitual criminal statute, § 16–13–101(1.5), (2), C.R.S. 2001, provide, in pertinent part, as follows:

(1.5) Every person convicted in this state of any class 1, 2, 3, 4, or 5 felony who, *within ten years of the date of the commission of the said offense, has been twice previously convicted* upon charges separately brought and tried, and arising out of separate and distinct criminal episodes ... of a felony ... shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by confinement in a correctional facility for a term of three times the maximum of the presumptive range pursuant to section 18–1–105, C.R.S., for the class of felony of which such person is convicted.
(2) Every person convicted in this state of any felony, who has been *three times previously convicted,* upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by imprisonment in a correctional facility for a term of four times the maximum of the presumptive range pursuant to section 18–1–105, C.R.S., for the class of felony of which such person is convicted. (emphasis added)

The former is referred to as the "little habitual" and the latter as the "big habitual."

Neither § 16–13–101 governing sentencing of habitual criminals, nor § 18–1–105, C.R.S. 2001, governing felony sentencing in general, specifically addresses the issue of what sentence may be imposed after a finding by the trial court that the habitual criminal sentence, big or little, would be disproportionate. In addition, no appellate case has directly addressed the issue. *Cf. People v. Deroulet,* 22 P.3d 939 (Colo.App.2000)(*cert. granted* Jan. 16, 2001)(affirming without addressing trial court's imposition of sentence less than that provided for in habitual criminal statute, but greater than presumptive or aggravated range); *People v. Gaskins,* 923 P.2d 292 (Colo.App.1996)(remanding a disproportionate sentence under the big habitual statute for resentencing, with allowance to consider sentencing under little habitual statute for which defendant qualified, although there was no jury finding to that effect).

Here, unlike in *Gaskins,* defendant's prior felony convictions necessary to qualify him for little habitual sentencing occurred more than ten years before the offense in this case. Thus, defendant does not qualify for sentencing under the little habitual statute. *See* § 16–13–101(1.5).

Contrary to the People's argument, we do not read *Gaskins* as suggesting that when a defendant has been adjudicated under the big habitual statute and sentencing under that statute is disproportionate, the sentence imposed must necessarily be outside the presumptive range for the offense. Rather, in our view, *Gaskins* stands for the proposition that, once a finding of disproportionality has been made, a trial court in resentencing should consider all sentencing options otherwise authorized by statute. *See People v. Gaskins, supra,* 923 P.2d at 297 (noting that statutes create a "class" of defendants adjudged habitual criminals and prescribe specific punishments to be imposed upon their conviction of subsequent felonies).

Because the defendant in *Gaskins* could have been sentenced under the little habitual statute, the division remanded for resentencing to include, but not to require, consideration of a sentence under that statute. *People v. Gaskins, supra,* 923 P.2d at 297–98. However, the little habitual statute does not apply to this defendant. Therefore, the only available statutorily authorized sentencing options are those set forth in § 18–1–105, C.R.S.2001.

We reject the People's contention that legislative intent requires that a trial court, after determining that a mandatory big habitual criminal sentence is disproportionate, is authorized to impose the longest sentence that it finds is not disproportionate, no mat-

ter where that sentence falls in terms of years. The sentencing statutes are not ambiguous. The plain language of the statutes governing a trial court's authority in sentencing criminal defendants provides no support for this argument. *See Robles v. People*, 811 P.2d 804 (Colo.1991)(in determining legislative intent, courts look first to plain language of statute; when language is clear so that intent can be ascertained with reasonable certainty, there is no need to resort to other rules of statutory interpretation).

Rather, § 16–13–101(2) provides that, upon a finding of habitual criminality, a *mandatory* penalty of four times the maximum presumptive range sentence for the class of felony for the offense of conviction shall be imposed. The statute does not provide for a range of punishment, nor does it permit a sentence to a lesser term. Thus, here, once the trial court determined that this sentence would be disproportionate and, consequently, unconstitutional, the only other sentencing options applicable to this defendant are those provided in § 18–1–105.

We also reject defendant's contention that the trial court may not consider an aggravated range sentence. Rather, the court, in exercising its discretion, must sentence defendant in accordance with all applicable provisions of § 18–1–105, including § 18–1–105(6), after making all of the required findings on the record in support of the sentence imposed. *See* § 18–1–105(7). The maximum aggravated range sentence is six years plus two years of mandatory parole.

Therefore, we conclude that defendant's sentence on the class five felony offense must also be vacated, and we remand the case for resentencing.

The judgment of conviction is reversed and the sentence is vacated on the class four felony count, possession of a schedule III controlled substance (codeine). The trial court is directed to enter a judgment of conviction for a class one misdemeanor count of possession of a schedule V controlled substance (codeine) under § 18–18–405(2)(d)(I), and to impose sentence accordingly under § 18–1–106, C.R.S.2001. The judgment of conviction on the class five felony count, possession of a schedule IV controlled substance

(alprazolam), is affirmed. The sentence on that count is, however, vacated, and the case is remanded for further proceedings in accordance with the views expressed in this opinion.

Judge NEY concurs.

Judge DAILEY concurs in part and dissents in part.

Judge DAILEY concurring in part and dissenting in part.

I concur in parts I through III of the majority's opinion. I respectfully dissent, however, from part IV of the majority's opinion. There, the majority holds that a person formally adjudicated a "big" habitual offender under § 16–13–101(2), C.R.S.2001, based upon three or more prior felony convictions is, upon judicial invalidation of his habitual offender sentence, eligible for presumptive range sentencing for the felony of which he currently stands convicted.

The majority reaches its decision by looking to various other statutory provisions and concluding that, because they were not, by their express terms, applicable, by default the defendant's sentence must be determined under ordinary discretionary sentencing principles.

I disagree. I think the question turns on legislative intent: not, however, on "actual" legislative intent (because the legislature obviously intended to have persons in defendant's position sentenced to four times the maximum term of the presumptive range associated with his present felony), but rather upon the intent the legislature would have had had it known that a "big" habitual offender sentence could not be applied in this case.

In determining how to apply statutes to situations not contemplated by the legislature, the eminent jurist Learned Hand once wrote, "We can best reach the meaning here, as always, by recourse to the underlying purpose, and, with that as a guide, by trying to project upon the specific occasion how we think persons, actuated by such a purpose, would have dealt with it, if it had been presented to them at the time." *Borella v.*

*Borden Co.,* 145 F.2d 63, 64 (2d Cir.1944), *aff'd* 325 U.S. 679, 65 S.Ct. 1223, 89 L.Ed. 1865 (1945).

Similarly, the leading commentator on the subject of statutory interpretation has noted, "[W]here an issue arises within a general area covered by statute but for which the legislature has not made specific provision so as to preclude a judicial finding of any specific legislative intent, the court must discern the applicable legislative intent by what is necessarily an act of projection starting from the areas where legislative intent is readily discernible, and projecting to fair and reasonable corollaries of that intent for the specific issue before the court." 2A Norman J. Singer, *Sutherland's Statutory Construction* § 45:09, at 51–52 (6th ed.2000).

In using this approach, I find it inconceivable that a legislature which requires a "big" habitual offender to be imprisoned for four times the maximum term in the applicable presumptive range would, following judicial invalidation of that sentence, permit the same offender to be sentenced *below* the maximum presumptive range term.

In my view, the reasonable corollary to § 16–13–101 is that if the severely aggravated range sentence required thereunder is invalidated by the judiciary, some lesser form of aggravated range sentence must apply.

The majority correctly points out that, by its very terms, the "little" habitual sentencing provision, § 16–13–101(1.5), C.R.S.2001, cannot apply to the facts of this case. However, nothing prevents imposition of an aggravated range sentence of up to two times the maximum term in the presumptive range. *See* § 18–1–105(6), C.R.S.2001. In my view, upon judicial invalidation of an habitual offender sentence, as a matter of law the underlying formal adjudication of habitual criminality constitutes an "extraordinary aggravating factor" *requiring* at least an aggravated range sentence within the meaning of § 18–1–105(6).

I realize that my conclusion does not square up with the precise text of the sentencing statutes. But, to apply them in any other way defies common sense. *See Hall v. Walter,* 969 P.2d 224, 229 (Colo.1998)("the intention of the legislature prevails over a literal interpretation of the statute that would lead to an absurd result"); *People v. Reed,* 932 P.2d 842, 843 (Colo.App.1996)("we will not construe a statute either to defeat the legislative intent or to lead to an absurd or illogical result"). *See also DeLeon v. Tompkins,* 40 Colo.App. 241, 243, 576 P.2d 563, 564 (1977)("a court is not indulging in judicial legislation when it construes a statute so as to avoid an absurd result"), *rev'd,* 197 Colo. 569, 595 P.2d 242 (1979); *Howard D. Johnson Co. v. King,* 351 A.2d 524, 532 (Me.1976)(same).

Consequently, although I too would reverse the sentence imposed in this case, I would remand for imposition of an aggravated range sentence.